IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

BRITTANY MONTROIS, DAVID L.                  )
RUHM, as personal representative             )
for the Estate of Adam Steele, and           )
JOSEPH HENCHMAN,                             )
                                             )
    Plaintiffs-Appellants/Cross-Appellees     )        No. 25-5090
                                             )
v.                                           )
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
    Defendant-Appellee/Cross-Appellant        )
_____)

**UNITED STATES' OPPOSITION TO MR. BUCKLEY'S MOTION
FOR LEAVE TO FILE A SUPPLEMENTAL OPENING BRIEF**

    This is a class action lawsuit in which the three named plaintiffs,
appellants and cross-appellees herein, are represented by eight
attorneys from three law firms, including class counsel Motley Rice LLP
and co-counsel the Law Office of Allen Buckley. On October 14, 2025,
the plaintiffs filed their opening brief, which listed all eight attorneys in
the signature block. On October 15, 2025, one of those attorneys, Allen
Buckley, filed a motion for leave to file a supplemental opening brief,
which listed only himself in the signature block. As discussed below,

the supplemental brief represents an inappropriate attempt to have the Court take Mr. Buckley's side in an intraparty dispute between him and court-appointed class counsel; violates the Federal Rules of Appellate Procedure, this Court's Rules, and the scheduling order entered in this case; and has the potential to substantially increase the volume of briefing, confuse the issues, and prolong resolution of this appeal. The Court should, therefore, deny Mr. Buckley's motion and strike his proposed supplemental opening brief.

## STATEMENT

Compensated return preparers and enrolled agents are generally required to obtain Preparer Tax Identification Numbers ("PTINs"), which are then included on the returns they prepare. *Montrois v. United States*, 916 F.3d 1056, 1058 (D.C. Cir. 2019). A group of individuals brought this suit as a putative class action, challenging the process by which PTINs are issued and renewed. (Compl. (Doc. 1).) The plaintiffs' original complaint sought to recover the allegedly excessive fees that they were charged to obtain and renew PTINs, as well as equitable relief prohibiting the IRS "from asking more information than is necessary to issue a PTIN." (*Id.* at p. 32.) However,

the District Court concluded that the plaintiffs abandoned their request for equitable relief in their second amended complaint, which is now the operative pleading, leaving only their claim to recover allegedly excessive fees charged.  (Memo. Opin., pp. 35-36 (Doc. 226).)

Five law firms sought to be named class counsel:  Hausfeld LLP; Boies, Schiller & Flexner LLP; Motley Rice LLC; the Law Office of Allen Buckley; and the Bassin Law Firm PLLC.  (Order, pp. 1-2 (Doc. 38).) Following motions practice, the District Court appointed Motley Rice as class counsel, with the Law Office of Allen Buckley remaining as co-counsel.  (*Id.* at pp. 2-3.)  Unhappy with the strategic decisions made by Motley Rice, Mr. Buckley attempted to "wrest[ ] control of plaintiffs' case from his co-counsel" by filing a renewed motion to be appointed class counsel.  (Memo. Opin., p. 10 (Doc. 226).)  The court denied that motion, and Motley Rice continued as class counsel.  (*Id.*)

At this point, "Mr. Buckley decided to go rogue" and began submitting his own filings "against class counsel Motley Rice LLC's wishes."  (Memo. Opin., p. 10 (Doc. 226).)  He also began referring to himself as "class-counsel-in-exile," notwithstanding that the District Court had rejected his repeated bids to be appointed class counsel.  (*Id.*

at p. 11; Memo. Opin., p. 14 n.7 (Doc. 293).)  The court declined to consider Mr. Buckley's solo filings where "there [was] no indication on the docket that class counsel agree[d]" to the positions taken therein. (Memo. Opin., p. 11 n.5 (Doc. 226).)

Ultimately, the court entered a judgment awarding the plaintiff class approximately $170 million in PTIN fees that it determined were excessive for the 2011 to 2017 years.  (Doc. 305.)  Plaintiffs appealed, and the United States cross-appealed.  (Docs. 306, 310.)

Mr. Buckley's dissatisfaction with class counsel has continued on appeal.  On July 10, 2025, Mr. Buckley filed a Rule 28(j) letter, stating that he wanted to raise certain issues, but Motley Rice "[did] not agree any of these issues should be raised on appeal."  On October 14, 2025, the plaintiffs filed an opening brief signed by class counsel, Mr. Buckley, and their co-counsel.  The next day, after the deadline to file an opening brief had passed, Mr. Buckley moved for leave to file a supplemental opening brief of his own, making "corrections" to the plaintiffs' opening brief, raising an additional issue, and making additional arguments in support of the issues raised in the plaintiffs' opening brief.  (Mot. 1-2.)

## DISCUSSION

The Federal Rules of Appellate Procedure provide that, in a case involving a cross-appeal, the appellant may file an opening brief, the appellee may file a combined principal and response brief, the appellant may file a combined response and reply brief, and the appellee may file a reply brief.  Fed. R. App. P. 28(c)(1)-(4).  Unless the court permits otherwise, "no further briefs may be filed."  Fed. R. App. P. 28(c)(5).  The reason for this rule is simple:  if the briefing process is not limited, the "possibilities for continued briefing become endless."  *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) (citation and internal quotations omitted).

Nonetheless, one of the plaintiffs' attorneys, Mr. Buckley, seeks leave to file a supplemental opening brief "to note some mistakes" in the plaintiffs' opening brief, raise an additional issue that was not presented in the opening brief, and make additional arguments in support of issues that were presented in the opening brief.  (Mot. 1-2.)  Mr. Buckley's motion should be denied for three reasons.

1.	First, the primary basis for Mr. Buckley's motion is to raise an issue and advance arguments that his co-counsel made a strategic

decision not to include in the plaintiffs' opening brief. But as the late Judge Urbina once observed, the proper role of the court is to "resolve disputes that arise between the parties"; it should be "disinclined to resolve intra-party conflict." *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, No. 07-mc-0014 (D.D.C.) (Order, p. 9 n.1 (Doc. 8).)

This observation carries particular weight here. The District Court appointed Motley Rice as class counsel. (Order, pp. 2-3 (Doc. 38).) As such, Motley Rice is charged with responsibility "for the overall conduct of this litigation," including "signing … any briefs"; "[d]etermining and presenting the position of the plaintiff class as to all matters … through motions, briefs, [and] oral argument"; and "coordinating the work activities of all plaintiffs' counsel." (*Id.*) Although Mr. Buckley may disagree with Motley Rice's appointment as class counsel, that does not give him grounds to usurp their strategic decisions about how to prosecute this appeal.

In the proceedings below, the District Court held that submissions signed only by Mr. Buckley were unauthorized and would be disregarded, unless they were ratified by class counsel. (Memo. Opin., p. 11 n.5 (Doc. 226).) This Court should do likewise.

2.      Second, Mr. Buckley's motion is procedurally improper.  As a threshold matter, the Federal Rules of Appellate Procedure permit the plaintiffs to file a single opening brief on appeal.  Fed. R. App. P. 28.1(c)(1), 31(a)(1).  The scheduling order entered by the Court on July 3, 2025, likewise permits the plaintiffs to file a single opening brief.  Neither allows the plaintiffs to file multiple opening briefs.

Furthermore, as Mr. Buckley acknowledges (Mot. 2), the Court's Rules limit an opening brief to 13,000 words.  D.C. Cir. R. 28.1(e)(2)(A)(i).  But when the plaintiffs' opening brief and Mr. Buckley's supplemental opening brief are combined, they total 14,773 words.  (Mot. 2.)  This Court "disfavors motions to exceed limits on the length of briefs" and requires that they be filed "at least 7 days before the brief is due."  D.C. Cir. R. 28(e)(1), (2).  When a litigant fails to comply with this deadline, the motion "will be denied absent exceptional circumstances."  D.C. Cir. R. 28(e)(2).  Here, Mr. Buckley not only failed to file his motion seven days before the plaintiffs' opening brief was due, but filed it one day after that deadline had passed.  Although Mr. Buckley faults class counsel for failing to timely provide him with a

draft of the opening brief (Mot. 1-2), this failure—without more—hardly rises to the level of "exceptional circumstances."[1]

In any event, motions to exceed limits on the length of briefs "will be granted only for extraordinarily compelling reasons."  D.C. Cir. R. 28(e)(1).  As discussed above, Mr. Buckley's primary reason for seeking leave to file a supplemental brief appears to be his disagreement with the strategic choices made by duly appointed class counsel (Mot. 1-2), which falls well short of this standard.  So does his unadorned assertion that "[t]his is a unique case" with "complex cost issues."  (Mot. 2); *see Fleming v. Cty. of Kane, State of Ill.*, 855 F.2d 496, 498 (7th Cir. 1988). On this basis, too, Mr. Buckley's motion should be denied.

3.      Finally, Mr. Buckley's supplemental opening brief will have a significant, adverse impact on this case going forward.  If the supplemental opening brief is allowed, then the United States will almost certainly need to seek leave to file a supplemental response

---

[1] Mr. Buckley states that he can provide additional explanation "if necessary."  (Mot. 1.)  But as the movant, Mr. Buckley has the burden of establishing his entitlement to relief in the motion itself and cannot wait until the reply, when the United States will no longer have an opportunity to respond.

brief.[2]  And Mr. Buckley will then invariably seek leave to file a supplemental reply brief.  Thus, the number of briefs to be filed in this case will balloon from four to seven.

In addition, Mr. Buckley's proposed supplemental opening brief seeks to make several "corrections" to the opening brief filed by class counsel.  (Prop'd Supp. Br. 5.)  But Mr. Buckley acknowledges that class counsel were aware of these proposed "corrections" and declined to adopt them.  (*Id.*)  The United States should not be put in the position of having to address two sets of "facts"—one put forth by duly appointed class counsel and the other put forth by Mr. Buckley—simply because the plaintiffs' attorneys cannot agree amongst themselves.

Nor is the disagreement between class counsel and Mr. Buckley limited to factual averments.  For example, Mr. Buckley characterizes the plaintiffs' opening brief as "say[ing] the IRS apparently could not produce the cost information the IOAA and APA demands."  (Prop'd Supp. Br. 2.)  Mr. Buckley, however, takes the opposite position in his

---

[2] As it stands now, plaintiffs have raised three issues in their appeal, and the United States has proposed raising an additional three issues in its cross-appeal.

proposed supplemental brief, stating: "as noted below, such was/is possible." (*Id.* at 2; *see also id.* at 5-8.) Class counsel was appointed to avoid precisely this type of confusion.

The United States does not question that Mr. Buckley's motion stems from his sincerely held beliefs, rather than an intent to delay this litigation. But the limitations governing briefing "are important, not merely to regulate the Court's workload … but also to encourage litigants to hone their arguments." *Fleming*, 855 F.2d at 497; *see also id.* ("[o]verly long briefs … may actually hurt a party's case, making it far more likely that meritorious arguments will be lost amid the mass of detail") (citation and internal quotations omitted). Where duly appointed class counsel has honored those limitations and filed a compliant brief, this Court should not indulge Mr. Buckley's attempt to second-guess their judgment and do otherwise.

//

//

## CONCLUSION

Based on the foregoing, the Court should deny Mr. Buckley's motion and strike his proposed supplemental opening brief.

Respectfully submitted,

/s/ Geoffrey J. Klimas
GEOFFREY J. KLIMAS
  *Attorney*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *(202) 307-6346*
  *Counsel for the United States*

# CERTIFICATE OF COMPLIANCE

### With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.  This response complies with the type-volume limitation of Fed. R. App. P. 27(d) because:

[X]   this response contains <u>1,921</u> words, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]   this response uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]   this response has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook, *or*

[ ]   this response has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s)   <u>/s/ Geoffrey J. Klimas</u>

Attorney for <u>the Defendant-Appellee/Cross-Appellant</u>

Dated: <u>November 25, 2025</u>