**ORAL ARGUMENT NOT YET SCHEDULED**

**No. 25-5090, 25-5192**

# In the United States Court of Appeals for the District of Columbia Circuit

---

BRITTANY MONTROIS, Class of More Than 700,000 Similarly Situated Individuals and Businesses, et al.,
*Plaintiffs-Appellants/Cross-Appellees*,

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee/Cross-Appellant.*

---

On Appeal from the United States District Court
for the District of Columbia
Case No. 1:14-cv-01523-RCL (The Hon. Royce C. Lamberth)

---

## MOTION OF CLASS COUNSEL TO STRIKE UNAUTHORIZED BRIEF

---

WILLIAM H. NARWOLD
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1676
*bnarwold@motleyrice.com*

MEGHAN S.B. OLIVER
CHARLOTTE DOUGHERTY
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
(843) 216-9000

DEEPAK GUPTA
JONATHAN E. TAYLOR
ALISA C. PHILO
GUPTA WESSLER LLP
2001 K Street, NW, Suite 850 North
Washington, DC 20006
(202) 888-1741

VARSHINI PARTHASARATHY
GUPTA WESSLER LLP
235 Montgomery Street, Suite 629
San Francisco, CA 94104
(415) 573-0336

May 6, 2026

*Counsel for Plaintiffs-Appellants/Cross-Appellees and the Class*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### I.     Parties appearing in the district court and this Court

1.     Joseph Henchman, Brittany Montrois, Adam Steele, and David Ruhm as Personal Representative of the Estate of Adam Steele, *Plaintiffs-Appellants.*

2.     United States of America, *Defendant-Appellee.*

### II.     Rulings under review

The rulings under review are (1) U.S. District Court Judge Royce C. Lamberth's January 24, 2023 opinion and order granting in part and denying in part motions for partial summary judgment, (2) the court's April 6, 2023 order granting joint motion to amend, (3) the court's September 25, 2023 opinion and order denying motion to clarify, (4) the court's August 9, 2024 opinion and order granting in part and denying in part motion to vacate, and (5) the court's March 24, 2025 entry of final judgment.

### III.   Related cases

This case was previously before this Court as No. 17-5204, and the Court's opinion was published as *Montrois v. United States*, 916 F.3d 1056 (D.C. Cir. 2019).

May 6, 2026                                          Respectfully submitted,

*/s/ William H. Narwold*
WILLIAM H. NARWOLD
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103

1

There are currently two briefs purportedly filed by plaintiffs-appellants/cross-appellees on the docket in this certified class action. But only one was authorized by duly appointed class counsel, Motley Rice LLC. Motley Rice authorized their co-counsel (and lead appellate counsel) Gupta Wessler LLP to file a consolidated reply and response brief for plaintiffs-appellants/cross-appellees and the class at 7:05 p.m. (Doc. No. 2172138). Motley Rice did not authorize co-counsel Allen Buckley to file his separate brief on behalf of the class, which he did at 11:24 a.m. (Doc. No. 2172021). Consistent with this Court's prior ruling that Mr. Buckley is not authorized to "effectively override the litigation decisions of duly appointed class counsel," Order Denying Suppl. Br. at 1–2 (Dec. 11, 2025) (Exhibit A), Mr. Buckley's unauthorized brief should be stricken from the record and disregarded.

Motley Rice was appointed sole class counsel in this class action. Dist. Ct. Dkt. 38 (Exhibit B). The district court's order specifies that Motley Rice "will be responsible for the overall conduct of the litigation and shall be responsible for … [s]upervising all pretrial, trial, and post-trial proceedings," "[s]igning any pleadings, motions, briefs," "[d]etermining and presenting the position of the plaintiff class as to all matters that arise during pretrial, trial, and post-trial proceedings through motions, briefs, oral argument, or in any other manner as may be appropriate," and "[d]elegating tasks and otherwise coordinating the work activities of all plaintiffs' counsel." *Id.* at 2–3; *see also* Dist. Ct. Dkt. 63 (Exhibit C). The

2

district court did not also appoint Mr. Buckley as class counsel, and it denied his request to be appointed sole lead counsel for the class. Dist. Ct. Dkt. 126 (Exhibit D).

Unfortunately, despite these rulings, this is not the first time that Mr. Buckley has taken matters into his own hands when disagreeing with the litigation decisions made by duly appointed class counsel. As the district court described it, Mr. Buckley has appointed himself to the role of "class-counsel-in-exile," resulting in him repeatedly submitting documents without the consent of plaintiffs' actual class counsel. *Steele v. United States*, 657 F. Supp. 3d 23, 33 (D.D.C. 2023) (detailing Mr. Buckley's decision to "go rogue"); *see, e.g.*, Dist. Ct. Dkt. 269 at 2 (denying Mr. Buckley's motion for leave to file supplemental brief); Dist. Ct. Dkt. 145 at 4–6 (detailing Mr. Buckley's preliminary injunction motion and motion for leave to file a second amended complaint); *see also, e.g.*, *Steele v. United States*, 2024 WL 1111639 (D.D.C. Mar. 14, 2024) (dismissing "splinter suit" brought by Mr. Buckley); Mar. 1, 2019 Order, *Montrois v. United States*, No. 17-5204 (D.C. Cir.) (directing the clerk to maintain under seal privileged materials filed with Mr. Buckley's supplemental brief).

As recently as last December, this Court denied Mr. Buckley's attempt to file a supplemental brief to class counsel's opening brief. Order Denying Suppl. Br. at 1–2 (Dec. 11, 2025 ); *see also* Order Denying Reconsideration (Jan. 22, 2026). The Court expressly "decline[d] to allow counsel to effectively override the litigation decisions

of duly appointed class counsel." Order Denying Suppl. Br. at 1–2 (Dec. 11, 2025) (citing Fed. R. Civ. P. 23(g)(1) advisory committee's note to 2003 amendments).

Regrettably, we have no choice but to ask the Court to do the same again today. Because the brief filed by Mr. Buckley is unauthorized by duly appointed class counsel, and because it contains work product that class counsel shared with him in a good-faith effort to obtain his feedback and to attempt to incorporate his ideas into the brief wherever appropriate, it should be struck from the record and disregarded. We take no position on what other measures the Court may wish to employ to prevent future such unauthorized filings.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td><i>/s/ William H. Narwold</i></td></tr>
<tr><td>DEEPAK GUPTA</td><td>WILLIAM H. NARWOLD</td></tr>
<tr><td>JONATHAN E. TAYLOR</td><td>MOTLEY RICE LLC</td></tr>
<tr><td>ALISA C. PHILO</td><td>One Corporate Center</td></tr>
<tr><td>GUPTA WESSLER LLP</td><td>20 Church Street, 17th Floor</td></tr>
<tr><td>2001 K Street, NW, Suite 850 North</td><td>Hartford, CT 06103</td></tr>
<tr><td>Washington, DC 20006</td><td>(860) 882-1676</td></tr>
<tr><td>(202) 888-1741</td><td><i>bnarwold@motleyrice.com</i></td></tr>
<tr><td><i>deepak@guptawessler.com</i></td><td></td></tr>
<tr><td><i>jon@guptawessler.com</i></td><td>MEGHAN S.B. OLIVER</td></tr>
<tr><td><i>alisap@guptawessler.com</i></td><td>CHARLOTTE DOUGHERTY</td></tr>
<tr><td></td><td>MOTLEY RICE LLC</td></tr>
<tr><td>VARSHINI PARTHASARATHY</td><td>28 Bridgeside Boulevard</td></tr>
<tr><td>GUPTA WESSLER LLP</td><td>Mount Pleasant, SC 29464</td></tr>
<tr><td>235 Montgomery Street, Suite 629</td><td>(843) 216-9000</td></tr>
<tr><td>San Francisco, CA 94104</td><td><i>moliver@motleyrice.com</i></td></tr>
<tr><td>(415) 573-0336</td><td><i>cdougherty@motleyrice.com</i></td></tr>
<tr><td><i>varshini@guptawessler.com</i></td><td></td></tr>
<tr><td></td><td><i>Counsel for Plaintiffs-Appellants/</i></td></tr>
<tr><td>May 6, 2026</td><td><i>Cross-Appellees and the Class</i></td></tr>
</table>

4

## CERTIFICATE OF COMPLIANCE WITH RULE 32(g)(1)

I hereby certify that my word processing program, Microsoft Word, counted 621 words in the foregoing motion, exclusive of the portions excluded by Rule 32(f). The document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in proportionally spaced typeface in 14-point Baskerville font.

May 6, 2026                                    */s/ William H. Narwold*
                                              William H. Narwold

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ William H. Narwold
William H. Narwold